UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Bobby C. Jenkins, | ) | C/A No. 5:15-cv-02873-RMG-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| vs. | ) | |
| | ) | |
| Alan Wilson; | ) | |
| Jessica E. Kinard; | ) | |
| Melanie Huggins-Ward; | ) | |
| Jimmy Richardson, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil action filed pro se by a state prison inmate. Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.     Factual Background

Bobby Jenkins ("Plaintiff") complains about allegedly missing documents from his filings made in connection with a post-conviction relief ("PCR") application in Horry County. Compl. 2-3, ECF No. 1; *see Jenkins v. South Carolina*, Case no. 2014CP2604986. He alleges that during July and October 2014, the Horry County Clerk of Court, the South Carolina Attorney General and one of his "staff attorneys," and the Horry County Solicitor were involved in an "intentional scheme" to cover up improprieties that allegedly took place in connection with criminal prosecutions culminating in a December 5, 2000 guilty plea, which resulted in the convictions for kidnapping, first-degree criminal sexual conduct, and armed robbery that are the

1

subject matter of the disputed PCR application. *Id*. at 3-8, 10. Plaintiff alleges that these actions on Defendants' parts amount to "extrinsic fraud" and "perjury" and violations of the first, fifth, and fourteenth amendments and require that the judgment in the PCR case and his "illegal sentence" be set aside. *Id*. at 4, 8-9. Plaintiff alleges that a "conditional order [of dismissal is] pending" in the PCR case, and the publicly available on-line records for the Horry County Court of Common Pleas confirm this as they indicate that the order was issued on July 27, 2015. *See* http://publicindex.sccourts.org/Horry/PublicIndex/CaseDetails.aspx?County=26&CourtAgency=26002&Casenum=2014CP2604986&CaseType=V (last consulted August 11, 2015). Plaintiff also alleges that his PCR conditional order was sent to an incorrect "administrative judge," *id*. at 5, and that part of a default motion that he submitted in April 2015 was also missing. *Id*. at 9. Plaintiff also alleges that Defendant Richardson improperly concealed "the presentment of this indictment to the grand jury" in the criminal prosecution against him in April 2000 because his research has disclosed that the grand jury did not meet on the day that has been given as his indictment date, and that Richardson also covered up Plaintiff's "mental illness" and relied on false testimony from the alleged victim and a Myrtle Beach police detective to prosecute Plaintiff and secure his guilty plea. *Id*. at 5-7, 9-10. Plaintiff seeks injunctive relief in the form of setting aside of the PCR dismissal order, provision of a new PCR hearing, and release from prison. He also asks for criminal charges to be imposed on Defendants, and seeks compensatory damages and a declaratory judgment. *Id*. at 13.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of

2

1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to partial summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

III.    Discussion

Initially, Plaintiff's Complaint is subject to summary dismissal as to all Defendants based on the United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). With respect to actions filed pursuant to 42 U.S.C. § 1983 such as the present one alleging constitutional violations and/or other improprieties in connection with state criminal charges,[1] the Court stated:

---

[1] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of §

> We hold that, in order to recover damages [or other relief][2] for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486-87. By the above statements, the United States Supreme Court ruled that until a criminal conviction is set aside by way of appeal, PCR, habeas, or otherwise, any civil rights action based on the conviction and related matters will be barred.

As stated above, Plaintiff's allegations show that he has unsuccessfully pursued a PCR application to challenge his Horry County convictions; however, it does not appear that he has fully completed the entire South Carolina PCR process because there is no indication that he filed an appeal from the PCR dismissal through a petition for certiorari to the South Carolina Supreme Court nor has he completed a federal collateral challenge to the Horry County convictions through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this court. *See Longworth v. Ozmint*, 377 F.3d 437, 447-48 (4th Cir. 2004) (discussing South

---

1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996) (emphasis added). Plaintiff's claims of unconstitutional confinement and/or other unconstitutional actions by state actors fall within the coverage of § 1983.

[2] *See Johnson v. Freeburn*, 29 F. Supp. 2d 764, 772 (S.D. Mich. 1998) (under *Heck v. Humphrey*, nature of relief sought is not critical question; rather, it is the grounds for relief); *see also Clemente v. Allen*, 120 F.3d 703 (7th Cir. 1997) (injunctive relief sought and barred by *Heck*).

Carolina's collateral-review process); *Re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S.E.2d 454, 454 (S.C. 1990) (specifically addressing criminal and post-conviction relief appeals). Plaintiff's present allegations against Defendants, if true, would invalidate the Horry County convictions that were the subject of his PCR application. As a result, because Plaintiff has not yet been successful in having those convictions set aside by way of appeal, PCR, habeas corpus, or otherwise, the holding of *Heck v. Humphrey* requires summary dismissal of the Complaint under review in its entirety.

Furthermore, even if *Heck* did not require complete summary dismissal of this case, insofar as Plaintiff seeks relief in the form of setting aside of the PCR dismissal order, provision of a new PCR hearing, and/or release from prison, the Complaint is subject to summary dismissal as to all Defendants under the United States Supreme Court's holding in *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny. *Younger* and other cases hold that, absent extraordinary circumstances, federal courts are not authorized to interfere with a state's pending criminal proceedings. Because Plaintiff has not yet completed the appellate review process for the disputed PCR judgment, this court cannot take any actions or award any relief in a civil case that would interfere with the state's proceedings directly relating to the validity of Plaintiff's Horry County criminal convictions. *See*, *e.g.*, *Younger*, 401 U.S. at 44; *Nivens v. Gilchrist,* 319 F.3d 151, 154-55 (4th Cir. 2003); *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989). For example, in *Cinema Blue*, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. 887 F.2d at 52. Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this court from enjoining such proceedings. *Bonner v.*

*Circuit Ct. of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975). In *Bonner*, the United States Court of Appeals for the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review." *Id.*; *see also D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983) (federal courts cannot review state court proceedings in an appellate sense); *Gurley v. Superior Court of Mecklenburg Cnty.*, 411 F.2d 586, 587-88 (4th Cir. 1969) (federal courts may not issue writs of mandamus against state courts); *Craigo v. Hey*, 624 F. Supp. 414 (S.D.W. Va. 1985) (same). As indicated in the cited cases, Plaintiff is not foreclosed from raising his present federal constitutional claims relating to his convictions and his PCR application and having them ruled on by a state appellate court in connection with an appeal from the dismissal of his PCR application. This court cannot remove the authority to rule on such claims from the state-court judge or judges who are actually in control of the review of Plaintiff's criminal convictions. Also, to grant the injunctive relief Plaintiff seeks: vacation of the PCR judgment and release from incarceration and confinement, this court would be required to enjoin the state collateral-review process relating to the challenged Horry County convictions, and, as stated above, this is not something we can do under *Younger*, *Cinema Blue*, and *Bonner*.

Also, Defendant Huggins-Ward is immune from Plaintiff's damages claim arising from the alleged misfiling or erroneous docketing of some of Plaintiff's submissions in his PCR case. In performing such judicially related duties by following rules of a court or acting pursuant to authority delegated by a court, personnel such as Clerks of Court are entitled to quasi-judicial immunity from lawsuits such as this one. *See Cook v. Smith*, 812 F. Supp. 561, 562 (E.D. Pa.

1993); *Mourat v. Common Pleas Court of Lehigh County*, 515 F. Supp. 1074, 1076 (E.D. Pa. 1981). The doctrine of absolute quasi-judicial immunity has been adopted and made applicable to court support personnel such as the Defendant Huggins-Ward because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]'" *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992) (quoting *Scruggs v. Moellering*, 870 F.2d 376, 377 (7th Cir. 1989)); *see also Abebe v. Propes*, Civil Action No. 0:11-1215-MBS-PJG, 2011 WL 2581385, at \*3 (June 3, 2011) (collecting cases), *adopted*, 2011 WL 2600593 (D.S.C. June 29, 2011).

Additionally, under the doctrine of absolute prosecutorial immunity, Defendants Wilson, Kinard, and Richardson are protected from Plaintiff's requests for damages from them for alleged constitutional violations that he contends resulted from the manner in which Richardson prosecuted him at the trial level and Wilson and Kinard defended against his PCR application. In South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors. *See* S.C. Const., art. V, § 24; S.C. Code Ann. § 1-7-310. The state Attorney General, Assistant Attorney Generals, and regional Solicitors are "responsible for the prosecution of all criminal matters within the South Carolina judicial system." *See* http://www.scag.gov/criminal-prosecution-division-2 (last consulted August 13, 2015; *see also* S.C. Const. art. V, § 24 ("The Attorney General shall be the chief prosecuting officer of the State with authority to supervise the prosecution of all criminal cases in courts of record."); S.C. Code Ann. § 1-7-40 (Attorney General "shall appear for the State . . . in the trial and argument of all causes, criminal and civil, in which the State is a party or interested . . . . ."). These prosecutors have absolute immunity for their prosecution-related activities in or connected with judicial proceedings. Such protected

7

activities include, but are not limited to, prosecutorial actions and decisions related to the prosecutors' participation in a criminal trial, bond hearings, grand jury proceedings, pre-trial motions hearings, and ancillary civil proceedings such as PCR cases. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Burns v. Reed*, 500 U.S. 478 (1991); *Bruce v. Wade*, 537 F.2d 850, 852 (5th Cir. 1976) (prosecutorial immunity extends to attorneys representing a government in a habeas corpus or post-conviction case). Absolute immunity extends to "persons working under [a prosecutor's] direction, when they function as advocates for the state" and when their activities are clearly associated with the judicial process. *Bernard v. County of Suffolk*, 356 F.3d 495, 502 (2d Cir. 2004). Moreover, a plaintiff's allegations of malicious motives such as use of perjured testimony or withholding of evidence by prosecutors in connection with the performance of their prosecutorial functions are insufficient to overcome prosecutorial immunity. *See Lyles v. Sparks*, 79 F.3d 372, 377 ((4th Cir. 1996) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1975)).

Plaintiff's claims about the nature of the evidence the Horry County Solicitor presented against him at the trial level and about the Attorney General and his staff attorney's legal arguments and manner of presentation of those arguments during the PCR process go directly to clearly prosecutorial decisions about when and how to prosecute a criminal action and whether to go forward with a criminal prosecution. Such activities and decisions have been found to be related to purely prosecutorial functions and they are absolutely immune from Plaintiff's damage claims. *See Springmen v. Williams,* 122 F. 3d 211, 212-13 (4th Cir. 1997); *Lyles*.

Finally, Plaintiff's Complaint is also subject to summary dismissal insofar as it seeks to impose liability on any Defendant for "fraud" or "perjury" because such causes of action are state-law-based claims, not federal claims, and this court is without the required jurisdiction to

8

consider them in this case. As stated above, Plaintiff fails to state any plausible federal constitutional-violation claims in his Complaint, and the Complaint discloses that both Plaintiff and all Defendants are residents of the State of South Carolina, thus precluding the exercise of diversity jurisdiction in this case. *See, e.g., Newman-Greene, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989) (diversity jurisdiction requires that no party on one side of a case may be a resident of the same state as any party on the other side of the case); *C.L. Ritter Lumber Co. v. Consolidation Coal Co.*, 283 F. 3d 226, 229 (4th Cir. 2002) (complete diversity required); *Mayes v. Rapoport*, 198 F.3d 457, 464 (4th Cir. 1999) (same). In absence of available diversity or supplemental jurisdiction, this court may not consider such state-law-based claims. *See* 28 U.S.C. § 1367(c)(3) (district court should not exercise supplemental jurisdiction to consider state-law claims where it "has dismissed all claims over which it has original jurisdiction"); *Lovern v. Edwards*, 190 F.3d 648, 655 (4th Cir. 1999) ("[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants.").

IV.     Recommendation

Accordingly, it is recommended that the district court dismiss the Complaint in this case *without prejudice*. *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

IT IS SO RECOMMENDED.

August 20, 2015                                                         Kaymani D. West
Florence, South Carolina                                          United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).