IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bobby C. Jenkins, ) | |
| ) | No. 5:15-cv-02873-RMG |
| Plaintiff, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| Alan Wilson, *Attorney General*; Jessica ) | |
| E. Kinard, *Staff Attorney*; Melanie ) | |
| Huggins-Ward, *Horry County Clerk of* ) | |
| *Court*; Jimmy Richardson, *Horry County* ) | |
| *Solicitor*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 10), recommending that this action be summarily dismissed without prejudice and without issuance of service. Plaintiff has filed objections to the R & R. (Dkt. No. 12). For the reasons stated below, the Court the adopts the R & R and dismisses this action without prejudice and without issuance of service.

## I. Background

Plaintiff alleges that documents are missing from his post-conviction relief (PCR) filings in state court and that Defendants were involved in an "intentional scheme" to cover up improprieties that allegedly took place in connection with criminal proceedings that ended with Plaintiff pleading guilty to several crimes. (Dkt. No. 1). He alleges, and publically available on-line records of Horry County Court confirm, that a conditional order of dismissal has been entered in his PCR case. Plaintiff has not alleged that final order has been entered in the PCR case or that he has appealed the PCR court's decision. (*See* Dkt. No. 1).

## II. Legal Standard

### A. Report & Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a de novo determination of those portions of the R & R or specified proposed findings or recommendations to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b).

### B. Summary Dismissal

*Pro se* complaints are construed liberally to allow the development of meritorious claims. *See, e.g., Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) ("[A] complaint, especially a pro se complaint, should not be dismissed summarily unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief ....") (internal quotations omitted). However, the requirement of a liberal construction does not mean that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim. *See Well v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990) ("The special judicial solicitude with which a district court should view pro se complaints does not transform the court into an advocate."). Furthermore, the Court must dismiss an *in forma pauperis* action *sua sponte* if the claim is "frivolous or malicious," "fails to state a claim on

which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989).

### III. Discussion

#### A. Claims Related to the Criminal Prosecution

The Court agrees with the Magistrate Judge that Plaintiff's Section 1983 claims related to Plaintiff's criminal prosecution are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a plaintiff cannot bring a Section 1983 suit for damages where a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. *Id.* at 486-87. To bring such a claim, a plaintiff must first prove that the conviction has been reversed, expunged or otherwise declared invalid. *Id.* To the extent that Plaintiff alleges Defendants violated his constitutional rights in the criminal prosecution, these claims are barred by *Heck* unless and until Plaintiff's conviction is overturned.

#### B. Claims Related to the PCR Proceeding

To the extent that Plaintiff alleges Defendants violated his constitutional rights in the PCR proceeding, this Court must abstain under *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny. Plaintiff can raise any such claims in his appeal of the PCR judgement and/or in post-judgment motions in his PCR proceeding. When constitutional claims can be presented in ongoing state judicial proceedings that concern important state interests, "federal courts should abstain from the decision of constitutional challenges to state action, however meritorious the complaint may be." *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 52 (4th Cir. 1989).

3

## C. State Claims

Finally, the Court also agrees that it lacks jurisdiction over any state law claims, as it appears on the face of the Complaint that there is no complete diversity of the parties. The Court also agrees with the Magistrate Judge's findings regarding immunity. However, it is enough that all of Plaintiff's federal claims are barred by *Heck* and the *Younger* doctrine and that the Court lacks jurisdiction over Plaintiff's state law claims.

## IV. Conclusion

The Court **ADOPTS** the R & R as an order of this Court. Accordingly, this action is **DISMISSED** without prejudice and without issuance of service as to all Defendants.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Judge

September 4, 2015
Charleston, South Carolina